Case number 246022. Ricky Welch v. Laura Plappert. Oral argument not to exceed 15 minutes per side. Ms. Alexeeva, you may proceed for the appellant. Good morning. Good morning, Your Honors, and may it please the Court. Kristina Alexeeva, Court-Appointed Counsel on behalf of Ricky Welch. I'd like to reserve four minutes for rebuttal. Applying foundational principles of federalism and comedy, the Supreme Court held that a state court appeal is properly filed if it fits within an exception to the state filing requirements. That's exactly what we have here. The Kentucky Supreme Court determined 20 years ago that Kentucky laws require an exception for a belated appeal if the delay was a result of counsel ineffectiveness, and the Court of Appeals expressly applied that exception to Mr. Welch. Respondent now asks this Court to disregard Kentucky law based on a brand new distinction between exception and excuse that no court, not even the district court below, has ever endorsed. The Court should find the petition properly filed and reverse. I want to circle back to this, exactly what Kentucky's doing, but this is a question for both of you. I don't think it makes a difference to your arguments, but I just wanted to mention it and see if you each had a reaction to it. I wonder if the phrase properly filed is actually the right phrase for this case. When you look at the statute, it looks like properly filed is referring to the original collateral relief application, so that what's going on is you have the end of direct review, U.S. Supreme Court review is over, or they referring to properly filed, I think they're talking about that first filing of the application, and then I think it's the Supreme Court cases that are construing pending that ultimately say it's not pending if an appeal was not timely filed. So it's really, I think the word is timely, but at that point we're not really construing the statute, we're construing Supreme Court cases. How do you react to what I just said? I think that's definitely one way to interpret the statute. You do run into the question then, well, if you're considering properly filed as just the original petition and then you're looking at what's pending, I think as your Honor said, it really doesn't make a difference because the question at the end of the day... I don't think it does, given what they've done with pending, so that's why I started with that point, but I... But then the dissenters, for example, in Cary, really criticized how Circuit Courts think of this in terms of pending, and they do say that you should look at, just take every single filing as its own petition, essentially, and decide if that's properly filed. I mean, Circuit Courts have taken different approaches. You have like 8th Circuit, it's true, 10th Circuit is doing what your Honor is saying, and then other circuits like the 3rd Circuit and the 11th Circuit, they really focus on the words properly filed, but we don't think it makes a difference. Particularly in a case that we're fighting over timeliness. Yes, your Honor. The Williams versus Christ in the 11th Circuit considered whether the appeal, belated appeal, was properly filed, and so did the 3rd Circuit and Jenkins. So now back to how you... what you thought was going to be the first question, I'm sure, is... so you have this strange thing. I mean, this... Kentucky has this regime which is... you can kind of understand it for sure on direct appeal. They're being quite graceful on collateral review and saying, oh, well, you know, it's the attorney's fault, we'll deal with that, but, you know, they say, quote, failed to timely file, and then says no notice of appeal should be filed to begin the belated appeal. So it's just... it seems... it seems like they've almost boxed us in, in terms of whether it was timely. Well, that's why... I mean, because you know you can't say they reviewed it on the merits, so that counts. The U.S. Supreme Court's ruled that out. Well, actually, Your Honor, we think that that is the approach and the most natural reading of AEDPA, is if the state court, reviewing its own procedural rules, determined that it can reach the merits, and it doesn't have to dismiss on the procedural decision... procedural deficiency that controls, and the reason... The U.S. Supreme Court made it quite clear that reaching the merits is not synonymous with timely filed. So that comes up in cases like in Cary, where it's... the ambiguity is whether the state court actually reached the merits, and whether it believed that there was a procedural deficiency anyways. But there is no court that has ruled that a petition is not proper... that a state appeal is not properly filed, or is not timely filed, where a court has unambiguously stated that it's going to continue and review the merits. And the reason for that, we think, is because, as respondent points out, the procedural rules are really mandatory. Now, we don't think that they're jurisdictional, that's a separate question, but they're mandatory in the sense that a court can create haphazard exceptions for, you know, a hardship or something like that. So if a state court has determined that, based on its own procedural rules, it still can proceed to the merits... Well, in your case, it must proceed to the merits. Yes, Your Honor, and that's a different line the court could draw. Of course, the court could say it's not whether a state court determined that it can, it's whether it's must. But all the other circuits have looked at whether a state court can determine. So, for example, the Third Circuit in Jenkins says, quote, we have identified a state court's practice of accepting a pleading as an important indication that the pending appeal was properly filed. Same thing in Johnson in the Tenth Circuit. We determine whether an appeal is properly filed by, quote, looking at how state courts have treated it. If a state court accepts it and entertains it on the merits... But how... I just don't understand. Kentucky is going to sanction this lawyer. Is the lawyers... I mean, they should hire you. The defense would be, what do you mean I filed a late appeal? They heard it. By definition, I didn't commit malpractice. You're saying it was timely filed. I mean, you're... you would respond, how can you sanction me for an untimely filing when the Sixth Circuit just said it was timely filed? And that just... that's... I don't know how that's respectful of Kentucky. Well, that's because we don't think the court should look at timely filed as a phrase in a vacuum. And it should really look at how AEDPA treats that process. And the whole point of AEDPA, as Judge Sutton, you recently pointed out in cases like in Ray Jones, is to cut down in this piecemeal litigation, is to prevent duplicative filings in state court... I can't tell you how tempted I am to just say if you meet the year... if you file... properly file within a year your original application, we should never review anything. It would make my life so much easier. In other words, there's always an excuse for everything. That is so tempting. But I just don't think that's what the court wants us to do, particularly after the second California case. The second California case is, whoa, whoa, whoa, we can't have four years and, you know, anything is reasonable, right? So we're kind of stuck having to draw some lines. That's not how we read Evans. We read Evans to, again, look at... focus on whether there's an ambiguity in whether the state court declines to review on the merits or on... because of the procedural deficiency. So when you get a case like Evans... Okay, just make it the California case. It's a four-year delay. The lawyer just botches it, ignores every single letter from the client, finally, finally files the bladed appeal. It's collateral review. Kentucky says we're not going to make the client pay for the sins of the lawyer. This person's going to be sanctioned. You don't have to file a notice of appeal, but we are now going to address the merits. Surely that would not be consistent with Evans, right? Correct, but not for the... That just means it's a question of how bad it is, right? Well, no, because we think that the... really the outer boundary here is the ADPA one-year period. So if he files, like Mr. Welch did, within the one-year period while the clock is still running, and the state court has accepted that petition within that one-year period... No, I'm imagining they filed... so they filed the original... it's just... it's this exact case. They filed the original application within the year, so there's no problem there, but then on the appeal of the collateral review, it falls into a cycle for four years. Well, and that's... May I add a question to that? Is this not related to the unusual nature of the California law? We know that what we're doing is we're looking to each state's law to answer this question, and I'm not... I'm seeing a distinction between Kentucky state law and the reasonableness requirement that is part of California's. So I'm struggling a little bit with making California the comparator that you have to address when, in fact, the comparator here is related to the Kentucky Supreme Court's understanding of its own law. That's it. I think Judge Stranch makes a good point. Let's ignore California, and let's just say in this case the lawyer waited four years and then filed a related appeal. Kentucky said we're not going to make the client pay for the sins of the lawyer. They then heard it on the merits. How do we resolve that case? Well, it's exactly what this court said in Duchenne, right? Because it was filed outside of the AEDPA period, it can't resuscitate the AEDPA clock, but if it's filed within the AEDPA... But I thought pending is... can be retroactive. I thought... I thought that was the key move of the first California case, but written by Justice Breyer. But it's pending if you... In other words, the time from decision, trial court and collateral review, to court of appeals, let's say it's normally 30 days, but they have this belated appeal exception. I thought the whole key point of the initial California case, I'm not using it because of California, I just can't remember the name of the case. Cary. Cary, okay. So Cary says you then don't... that whole time is told. Yeah, we think that that's just very particular to the California rule. I don't understand why it is. Why... We'll just answer the question. Under Kentucky law, forget California, what do you do with Cary? It takes four years to file an appeal. Kentucky allows it under its belated appeal exception. That means the whole four years is told, is a tolling period. Take the approach that the Eighth Circuit took and strew, where it says it's not really pending for that period, and it construed the word pending as when is there an opportunity that the court is actually going to open those proceedings. What's the line then? How do I draw that line? So the line is starting when the state court accepts the petition and grants the opportunity to... That was my hypothetical. My hypothetical is four years in, they accept the appeal, so that four years is told. No, Your Honor. Okay, so how do I know when it's too long? So is it three years? Is it two years? Is it one year? The rule is just that it cannot resuscitate the EDPA period. So you're not looking at that window. That's not how, for example, again, the Eighth Circuit construed the word pending. It didn't say it's going to remain pending for that entire period. Okay, so if they took 11 months to file the original application, it's properly filed, they only have a month left. If they, in this exact case, took two months to file, so they blew past the window by 30 days, the bladed appeal exception would not save it. You get to count that extra, not the 30 days permitted, but the 30 days late, you count that. And I see I'm out of time, can I answer? Oh yeah, no, keep going. Yeah, so we would not count that period. So you count the first 30 days that you are allowed to file the appeal, and then that's it. And so then the EDPA clock starts running again. And then the only time it pauses is if the state court says, okay, we're going to go ahead and essentially reopen the proceedings and grant you the bladed appeal. So if you... But they have to do that before the EDPA clock runs. Exactly, exactly. Because as this court said... Why didn't Kerry say that? That would have been the perfect opportunity to say that, and that's not what they said. In fact, they said, this is really complicated. We'll do what we really like to do in complicated cases, have the lower courts do it first. We've had that happen before. Why didn't they say that? I couldn't believe that it's such a sensible rule. They've never described it that way. They've had so many chances. That's because the California rule is just so varied. No, no, it's not about California. Because bladed appeal works like reasonable time. It's the same thing. And so I don't understand why you wouldn't just say it applies across the board the same way. You can't use this kind of fluffy timeline to get around the one year. Well, because we don't think that it does apply the same way, because we do have this variation in state procedural rules, right? So in Kentucky, you have a rule and you have a specific exception to that rule. And so that's what the courts are going to focus on. And then the inquiry in a state like California just is bound to be different, and that's why the bottom line rule at EDPA is to defer. So just to wrap it up, and then you'll get your full rebuttal. What I'm finding very strange, I'm just trying to figure out how this works with the words of the statute, is back to my hypothetical, they take 11 months to file the original collateral review motion. They've only got 30 days to work with. In that setting, if they wait 62 days, it's, quote, not timely filed under EDPA. But in this case, it's a very similar dynamic. It is timely filed, even though the timeliness is about the one year as opposed to the 30-day clock to file a challenge to the trial court decision. That just seems so strange to me. I love the outcome, because it's coherent, but it's not coherent relative to the statute. I mean, we think the problem here is that EDPA doesn't say timely, right? EDPA says properly filed. And it says pending. Can I ask a question about properly filed? Oh, yeah. So one question I have is actually, what's the application? So we've been focusing on, the state wants to treat the notice of appeal as like a talisman, like there must be this notice of appeal. But it seems to me like in Kentucky, there was never a notice of appeal filed here. So it seems to me like in Kentucky, there's two tracks. There's the ordinary track. You file your notice of appeal within 30 days. That's your application. But if you have incompetent counsel, you have another track. You file this motion. And the motion for belated appeal, why isn't that the application, to the extent that we're considering application instead of pending? Right. I think that's exactly the answer. And that's what the dissenters in Cary ended up talking about, right? That you really have to take each of the filings on its own. And so that's what it gets you to the straightforward inquiry. You look at the specific filing, and you ask, is that properly filed? And is that within the AEDPA statute of limitations so that tolling is still available? And if it is within the statute of limitations, and you are permitted under state rules, as Judge Larson says, to file it, and the court grants it, then that's a very straightforward application of AEDPA. I have one other question. So it seems to me that Kentucky tries to distinguish our Ohio cases by saying, the Ohio cases, it's written down in a rule. In the rule, it says, if you miss the deadline, you can file this belated appeal, or whatever they call it. And that makes all the difference. And one question I have is, does Ohio sanction its lawyers? Can it discipline its lawyers for missing the original deadline, but still entertain the appeal under the rule? I'm just wondering if you know that. I just don't know whether it's just state separation of powers games about the common law versus the rule. The sanctioning of attorneys is really a separate track. So what the Ohio rule provides, for example, there is no specific exception for, and more, for ineffective assistance of counsel. When they're talking about the Ohio written rule, it just says, after the expiration of 30-day period, the filing of a notice of appeal as of right, an appeal may be taken if the court allows it. That's the only rule. So when they're talking about this distinction about what's codified and what's judge-made, we think that's just a red herring, because a state court can, of course, choose how to make the rules. So just so I'm understanding the Ohio regime, or at least your take on the Ohio regime, because 5A doesn't have any time limit. It doesn't even say reasonable. So it's like broader than California. So you would say that's why Judge Cole was right to say that lack of a timeline doesn't allow you to blow past the 12 months. So if you somehow get past it, you are in trouble. But that, again, it might make a ton of sense, but that's an innovation the U.S. Supreme Court has yet to bless, right? So for the Ohio rules, you are right. There is this usual 30-day period, and then there is no other kind of constraint. But we would point you to the words in PACE itself, at page 417, where the court says it's not properly filed, quote, if it cannot be initiated or considered. So we do think that the Supreme Court has blessed this. I mean, it hasn't taken a case exactly on point, but every indication is that you just... Because it's saying it can't be considered because 12 months is gone. Is that what you mean? No, no, no. It cannot be considered under the state procedural rules. So if the state court determines it cannot consider the merits because of the state procedural rules. Yeah, but I'm envisioning the case where they do grant the right of appeal in Ohio. And so according to PACE, then that would be properly filed. But I mean, Judge Cole says you're stuck with the 12-month limit. Yes, that is the best. Do you agree with that? I'm asking if you agree with that. Yes, Your Honor, we do agree with that because that's how we think you balance the different interests. And it follows that you agree a similar limit should apply in other states with reasonable time, belated this, belated that. We would say no, because the problem with California is that there really isn't a specific exception at all. I see. Okay. All right. I don't want to go back to California. So, okay, this is great. And let's... I think we're good. So let's hear from the other side. Thank you for answering our questions. We appreciate it. Good morning. Good morning, Your Honors. May it please the Court. Jack Haburn for Warden Plappert. I'd like to jump right into something Judge Larson said. There actually was a notice of appeal filed in this case. You have to file a notice of appeal to get a belated appeal in Kentucky. The way it works mechanically is that the motion needs to be addressed to the Court of Appeals. So to do that, you file a late notice of appeal to open up the docket. And then you file the belated appeal motion in the Court of Appeals saying, do not dismiss this notice of appeal that is late. And that's actually the way that Welch framed it in his motion. It's in Welch's appendix, and the motion said that he respectfully moves this court to not dismiss his appeal for failure to timely file a notice of appeal. And that is actually the same motion that was filed in Edmunds. It's the standard Department of Public Advocacy form motion for a belated appeal. And it recognizes that the appeal was filed late, and you're asking for a certain type of relief. Do not dismiss the appeal. Does the court say no notice of appeal shall be filed? No new notice of appeal shall be filed. Because there's already a notice of appeal that's on file. So you're inserting the word new. Because the quote is, no notice of appeal shall be filed to begin the belated appeal. I'm taking it, the only way that that docket could have been opened was with a notice of appeal. So I think what the court is saying there, how I read it, is just don't file a new notice of appeal. It shall proceed under this. Tell me why this helps you. This helps me because it recognizes that the appeal was filed late. The belated appeal motion is backwards looking at the notice of appeal. And is just asking the court to excuse the tardiness, to excuse the improper filing. And as you discussed with Welch's counsel, there are other remedies for a late filing under Kentucky law. Counsel can be sanctioned. But the belated appeal rule just says that the appeal can't be dismissed. I took your briefing to suggest that if this exact same situation existed, but it was all in a rule promulgated by the state supreme court, then we'd be in a different situation. So if it said, you file a notice of appeal, it must be filed within 30 days, unless there's excusable neglect. Excusable neglect can include ineffective assistance of counsel. And that's all in the rule. Then we'd be in a totally different situation. Whether it's in the rule or case law is not totally dispositive. We noted that other states have belated appeal procedures in their rules. But that's how you distinguish our Ohio cases, right? We did note that they have the Ohio belated appeal procedures in the rules. But that's not where the differences stop. So Ohio's belated appeal procedure operates much differently. It really is a two-track process where you can take an appeal as of right under Rule 4, and that has a 30-day deadline. Or you can take an appeal with leave of the court, and that's authorized under Rule 5A. And that has no time limit. So that is actually a separate avenue to take an appeal, to take an application for post-conviction relief. And I believe that that's how this court has interpreted 5A appeals, as its own application for post-conviction relief, bringing that to the court of appeal. And you're saying yours is separate because yours is distinguishable not simply because it's a judge-made rule, or an adjudication-made rule, because all the rules are judge-made, but because it has to begin with this piece of paper called a notice of appeal in Kentucky and not in Ohio? That's right. The belated appeal motion in Kentucky is not in itself an application for post-conviction relief. I think the notice of appeal is. That's what brings the claim to the next court. And so the belated appeal motion operates very differently than the Ohio belated appeal procedure. The belated appeal concept in Kentucky, is it only, as it's suggested, about time problems? Can it also help you with other problems that the notice of appeal doesn't comply with this rule or that rule? So in other words, you actually file a notice of appeal, and it doesn't have the name of the parties, or it's set to music, whatever. It's something completely improper. How does one handle that problem? I think it just applies to the time problems. It just applies to any problem that could result in dismissal. So I'm trying to figure out how we would deal with that second type, because that does happen. You don't have the name of the defendant. You don't identify what you're complaining about. My assumption is that the way we would normally treat that is if you abandon it, then you're out of luck. Because it wasn't properly filed. But normally what happens is you work with the clerk's office, and they say, you've got to name the parties, you have to identify the judgments you're appealing, and then they fix it. We would call that, quote, properly filed, assuming that's the right word to use in this setting. We would, because those other requirements, you can comply with substantial compliance in Kentucky law. So the timeliness of the notice of appeal is basically the one thing that has strict compliance. It's mandatory and jurisdictional, and that's the baseline rule. Are we going to be in the position of second guessing whether there was substantial compliance? Because we might say, well, the evidence of substantial compliance is the fact that ultimately the clerk docketed the appeal. But then I thought we couldn't just accept the fact that the court ultimately accepted it and ruled on the case. That's how you want us to read Kerry and Evans. So are we going to be here going, well, I don't know. Do you think it's substantially complied? I mean, it was on 11 by 14 paper instead of 8 by 12, or it didn't have, like, is this going to be our job? I don't think this court needs to get into any of the... Well, how will we know? Like, what is substantial compliance? Well, I don't think that's implicated by this case. I mean, I think this is a narrow case about the timeliness of an application for post-conviction relief. But I thought we're trying to figure out whether it's properly filed. We are, but the only issue with the filing of this application is the timeliness. And so that is mandatory under Kentucky law. Let me ask you another timeliness question. So what happens, I mean, maybe the Supreme Court has effectively already decided this, but what if the notice of appeal is filed, it's filed, you get 30 days, it's filed on day 31, because nobody realized in a hypothetical set of facts that Kentucky stopped counting Columbus Day as a holiday. It had always been a holiday, so it doesn't count. Now it counts. Nobody notices. You don't raise it in the court, and then you come up here in federal court and say, that wasn't properly filed. They accepted it, they adjudicated on the merits, nobody ever thought it wasn't timely filed. And now the state comes up and says, ah, Columbus Day, it's filed a day late. And the defendant responds that he crossed the international date line. I stick with her hypothetical. In that hypothetical, I think we accept, this court would accept that the Kentucky court accepted the notice of appeal and considered it finally. And the difference between that and this case. Thank you. The difference is, sorry, you were going. The difference is that when a Kentucky court grants a belated appeal, it is signaling that the appeal was not timely. That is the Kentucky court's clear indication that this appeal was not timely, but because it wasn't really the client's fault, they're not going to have the sanction come down on the client. There's ways to sanction the attorney, but they're going to withhold the most severe sanction of dismissing the appeal. That is what the belated appeal communicates. So if they do accept an appeal, do adjudicate it on the merits, and in fact it was not timely, like it could have been filed a year late, and just nobody noticed, nobody ever raised it. You'd say, ah, the fact that they adjudicated on the merits is sufficient in that situation, but not in this situation. Yes. We'd accept that the Kentucky court docketed the appeal and proceeded with it, and the difference here is that the belated appeal, this case is about what is the belated appeal signal. Is it an exception that means that no rule was violated? That's not the case. There actually is one exception to the timeline for filing a notice of appeal. It's in WRAP 3D, Rule of Appellate Procedure 3D, and that gives the opportunity for an extension of 10 days if the appellant failed to learn of the judgment. So if that happens and the appellant moves for an extension for 10 days under that rule, and then files the notice of appeal 9 days later, he's complied with the rule. There's no violation, there's no possibility of sanctions because the rule has been complied with. But what about the remainder of the rule, counsel? The rule does not end with the 10-day statement. It ends with, this is in addition to any other remedies that may be available, including but not limited to remedies available pursuant to CR 60.02, and any relief recognized by case law or other rule. Doesn't that authorize the Kentucky Supreme Court to do what it's doing in its case law rule? I think the important language there is relief and remedies. The rule does not say any other exceptions recognized by case law. It's talking about any other relief or remedies. The belated appeal procedure is relief from the sanction of dismissal. And so that fits perfectly with the way that we describe the rule. The Kentucky Supreme Court has said that it can't make exceptions to the 30-day deadline. And I know that that may seem like it's splitting hairs, that position of no exceptions and this belated appeal procedure, which maybe looks like an exception at a 10,000-foot view. But the Kentucky Supreme Court has drawn a very fine line. And under AEDPA, we talked about comedy, and you're colloquial with Welch's counsel. Comedy means accepting Kentucky's procedure as it is written, as it is discussed in wine and in more. And it's a different procedure than a lot of states have. It's different than... But if this exact same procedure were in a rule, if it said, if the way the rule was written was all notices of appeal shall be dismissed if filed after 30 days, except if there's excusable neglect, which includes ineffective assistance of counsel, in which case a belated appeal may be entertained. That's all in a rule. We rule... Same outcome. For Welch? No, we rule for you still. We rule for, yes, for the... Why? Because we noticed, you know, noted the difference between states including these procedures in the rules versus case law. But the real key point is how the rule operates. Does it create an exception? Does it extend the deadline? And in those cases... Doesn't unless mean exception? I mean, we could say except in the case that... Well, if... Shall be dismissed unless or except in the case that. I take your hypothetical to be if our view of the belated appeal procedure in case law was just transported into a rule, into one of the rules of appellate procedure, the outcome would be the same because that rule would operate in the same way. It would operate not as... It would still be a violation of the rules to file a notice of appeal 35 days after the judgment was issued. It would change the remedies, but it would still be a violation that could lead you to be sanctioned. I think we're going around in circles here. Just real quick, the answer to our question is that if Kentucky put this in the rule like Ohio does, we'd have to follow the Ohio cases. Do you agree with that or yes or no? Oh, if it was structured as Ohio's rule was structured, then yes, we would lose. But if the rule as we described it... I understand what's in the rule. That's not the question. I know what's in the rule, but if... So anyway, that seems pretty technical, right? That's what Judge Larson's getting at. That seems like a pretty technical explanation for treating Kentucky different from Ohio. I don't think it's that technical. You know, I think... But let's add to it that Ohio also punishes lawyers that have to invoke Rule 5A. That may change the outcome under Ohio law, then. You know, if Ohio law recognizes that when you pursue the 5A path, you violated the rules, and the court is going to give you some relief in the form of not dismissing your appeal, but you might be sanctioned, then that starts to look a lot like Kentucky's rule. And then I think, you know, if Ohio amended the rule... How do you respond to this point that, you know, what seems to be... would be your best argument is if you could have a delayed appeal, belated appeal, and it would blow past the 12 months. That would really seem powerful to me, and it would seem like the kind of thing that the court was concerned about in Pace and some of the other cases. But here, in, I think it's the Judge Cole opinion, what is that decency? You know, he said, no, no, no, no. Whatever Rule 5A means, and I think he would say the same for everything, probably even California. That can't just be this exemption from the 12-month. So that if you... It's so belated that the 12 months is over. Why isn't that kind of... It does seem to protect the state, right? It does. I don't think that that approach is faithful to Kentucky's procedural rules. I mean, I take the point in the Ohio cases that they were, you know, asking the question of when the application is pending. And, you know, I think Welch's counsel has somewhat of a different answer. I take Welch to be arguing that he's asking for tolling only once the Kentucky court grants the belated appeal motion. And that's actually a critical difference between how the tolling works under the Ohio rules. This court in board said that under the Ohio rules, you get tolling from the moment a 5A motion is filed. And I think the difference there is because a 5A motion is just very different than a belated appeal motion under Kentucky law. It is in itself an application for post-conviction relief that gets the petitioner tolling right from the get-go. One thing about board that I find not that helpful is it's a direct appeal case. So that just strikes me as quite different because that's about the clock before you even start the 12 months, right? It is. That's all about a clock before you get the final direct review finished. The court did say that a 5A motion is a collateral proceeding. So it distinguished. The effect of the 5A motion was to appeal his conviction in a direct way. But the court said that it has always treated motions for belated appeals under Ohio Rule 5A as its own collateral proceeding, its own motion for post-conviction relief. And I think that's in the sort of preliminary first section of the argument that the court discusses that. But that's where the Sixth Amendment applies. I mean, that's where you would be guaranteed a right to appeal if your lawyer botched it, right? And Ohio provides that path, but... Well, that's why I'm trying to separate direct review from collateral review where the Sixth Amendment doesn't apply. So there's no automatic relief point in collateral review. There's no automatic relief point for an untimely appeal on direct review. In fact, that's why Kentucky started down this road.  They were acknowledging that if the guy botched the appeal, the remedy has to be he gets his appeal because that's such a clear violation of the right to counsel. And then Kentucky kindly decided to extend this rule to collateral review cases, which is what made this case so hard. That's right. The reasoning behind the belated appeal rule is important. I think this court needs to sort of attempt to synthesize a few different rules under Kentucky's procedural rules. One being that the notice of appeal is different. It's mandatory and jurisdictional and you have to comply with it. The second is that the Kentucky Supreme Court has said that it cannot make exceptions to this requirement. And the third is this belated appeal rule. So it might seem a little hard at first to square the circle and interpret the belated appeal rule in a way that doesn't totally vitiate those other rules. But I think the Kentucky Supreme Court tried to do that by drawing this fine line between a true exception that would completely go back on its prior cases that said we are not allowed to make exceptions. Welch's position would be totally irreconcilable with that sort of foundational principle of Kentucky's procedural rules. And Kentucky takes those procedural rules very seriously. They've often referred to them as the lights and buoys of Kentucky's legal system. And so I think that this... But Counsel, don't you acknowledge that they also state clearly that it's the Kentucky Supreme Court's right to alter and affect procedural rules through case law. Right? Most procedural rules but not the rule that you are making a distinction on. And the court may think that that doesn't make a lot of sense. This is a slim lead you are making a distinction on. And I'm struggling. To me it's comparable to your distinction that oh at the end of 3D we're only talking about remedies. But remedies are what procedure is about. Whether you have a remedy or not. So perhaps you could give me a brief summary of do you agree that in Kentucky the Kentucky Supreme Court can impact procedural laws or make rules regarding their procedure through case law. Yes or no? Some rules. They have said that they cannot make exceptions. And who sets the dividing line? The Kentucky Supreme Court ultimately makes up more or less what they can and can't do. They promulgate the rules. Well if they've done it in a case then they are telling you that they can do it. Yes. But I don't think that they've said in more than one that they can make full blown exceptions to the rule for the deadline for appeal. The Kentucky Supreme Court promulgates the rules of appellate procedure. And it also included as a matter of policy in those rules that the 30 day deadline is mandatory and jurisdictional. It has also said in its case law and this is from Stevens that the court is without authority to annul this requirement or to extend this time. And so it has made a rule for itself basically that it cannot make exceptions to the deadline for notices of appeal. That's at page 819 of Stevens. But maybe what counts as an exception for Kentucky law purposes like this isn't an exception for Kentucky law purposes but whether it's an exception for federal and patrolling could be a different question. Like what counts as an exception. I know whether the application is timely filed as a matter of state law. But maybe what counts as an exception is a question of federal law. I mean we're just getting this exception rule out of a Supreme Court case not a statute. I don't know. The question is defined by EDPA and federal law but the answer is defined by state law. And so I think at the end of the day this court has to look basically I think just at wine and more and ask as well as kind of the other procedural rules that I've mentioned. I think we're good. So thank you very much. And you'll give rebuttal. You have four minutes. Your Honors. Respondents have not identified a single case not in their brief not today where a federal court has found that an appeal a belated appeal is not properly filed for EDPA. Well what's your case from Kentucky? I mean you know zero versus zero is still zero. So you don't have a Kentucky case that helps on the other side.  I don't know what that means. But the Kentucky case is Moore. I mean Moore says that a petitioner is entitled to file a belated appeal. I mean they're drawing this distinction between whether that's an exception or an excuse but the fact that as they repeatedly stress the rules are mandatory that has to mean that the only way the Kentucky court gets to decide this appeal on the merits is if it found that the procedural requirements were met because otherwise if the rule if procedural rules are mandatory the Kentucky and this exceeds the procedural the filing requirement that the Kentucky court could never have decided this on the merits. That is why courts like the Eighth Circuit and the Tenth and the Third repeatedly just look at whether the state court determined that it has authority to decide on the merits and that's just the line that the courts have drawn. Under their rule what we're going to end up having is a situation where this court will have to decide cases legal issues What if the Kentucky Supreme Court said we have no jurisdiction over this appeal because it's jurisdictional but we do have jurisdiction over a remedy for this malpractice we're sending this person referring to him for disbarment and we're going to as a remedy for that resolve this appeal but it's only in that context it's not because we have jurisdiction in the normal route would that change your answer? Our whole point is that that can't happen at least under Kentucky where as respondents admit the rules are mandatory you have to follow them the only way you get to get to the merits is if the predicate question is decided that there is no procedural bar here because otherwise you would never get to the merits and that's exactly our point and then under their rule you will have a situation where federal courts are deciding state issues issues of state constitutional law at the same time as the court the state court said we're going to go ahead and decide that so you're going to have these parallel proceedings and we don't have that in any other context wait tell me the parallel proceeding point I'm not following that right so if we follow their rule that the only thing that matters is this baseline rule right if you're out of well there's there's another exception there's one exception sure well we actually agree with Judge Strange that it's not just the one exception of ten days it includes the more exceptions but putting that aside what their rule is getting to is that if this doesn't fall within whatever codified exception then the petitioner will have to file a parallel proceeding in federal court even though but the Missouri courts handled that they said you can file a protective petition they just Chief Justice Rehnquist in the opinion he wrote was very explicit about that that that's the answer to that problem I mean it's unfortunate but then the federal courts just hold it in abeyance until the state proceeding is done I thought he was crystal clear is it Pace that Rehnquist wrote right and Pace says it's likely that federal courts can do that but we actually cite cases from this circuit that come after Pace such as Wagner and Marshall file belated motions for reconsideration in those cases can I ask about the protective petition oh go ahead Jay Judge Stranch go ahead I'm sorry I just wanted to bring have you explain very quickly the Moore case which in talking about exceptions you have a case  Justice Roach that says the majority is seizing on and expanding the lone exception found in Commonwealth versus Wine how is that not the Kentucky Supreme Court exercising its capacity to address procedural issues the dissent says that's what it is that's exactly right your honor and we make that point in the brief to the extent that this court thinks there is a distinction between excuse and exception and we just don't think that there is Judge Larson had a question the question on protective petition is as I read pace it suggests that you can only file a protective petition when it's uncertain when you have a reasonable uncertainty about whether your state claim will be treated as timely but if we rule for the state here there won't be any uncertainty anymore it will know it's untimely so then this is where I think you get your parallel proceeding because the state belated appeal will be ongoing but you'll also have to file in federal court and so we'll adjudicate the federal courts will adjudicate the claim while the federal courts can always hold something in abeyance we do this all the time three times before lunch holding cases in abeyance because there's a state court proceeding I think that question just proves it's not that hard to implement I'm not saying what the right answer is but if we went the other way everyone would know   honor the rule yes it's true that would allow the bladed appeal still to proceed because you still might get relief it would be up to the federal courts what to do but surely they would hold it in abeyance why wouldn't they they can't hold it in abeyance they would have to wait to see how that gets resolved on the off chance they get relief two quick points first is that exactly right it would be then up to the federal court we really don't have such discretionary  the whole purpose of that is to respect the state court's opportunity to resolve the       not be entertaining those petitions but the fact that they can is still an encroachment on state sovereignty the second quick point is that we don't think it would be at all clear the rule they are proposing is that federal state prisoners are going to have to dig through case law figure out if the court used an excuse go through ethics rules that is a very complicated process for state prisoners I would be all ears if adopting your position meant that all of this would go away and I'm 100% confident that your position would leave just as much uncertainty when we are talking about how difficult and highly reticulated this regime is but I think we are ready so thank you very much for both of your excellent sets of questions   the brief and answering all of our questions I've been spending so much time on this case it made me really question why I'm a federal judge that I have to do this much work on this what is properly filed so anyway but it would be so much harder and darker without your help so thank you for the lights and  thank you very much .